## Commonwealth v. Bittinger

*Robert Teeter, Assistant District Attorney*, for Commonwealth.

*Clayton R. Wilcox, Public Defender*, for defendant.

SPICER, *P.J.*, March 13, 1979—Defendant was charged with indecent assault and simple assault as a result of an incident occurring May 6, 1978. On May 6, 1978, he applied for the appointment of counsel and the public defender was appointed on the same day. However, at his arraignment of July 11, 1978, he appeared with privately retained counsel and after colloquy, entered a plea of guilty to assault. A presentence investigation was ordered and sentencing was deferred.

Subsequently, defendant appeared in a domestic relations case before the undersigned judge and in the course of testifying unequivocally asserted his innocence in this action. Therefore, when defendant appeared for sentencing on August 9, 1978, the court directed that his plea of guilty be withdrawn and his case be listed for trial. Defendant indicated at this time his desire to proceed with a nonjury case, but the court refused since we had seen a presentence investigation report. Defendant was informed that his case would be scheduled for trial in September. There was some discussion about legal representation because defendant had lost his job and was unable to afford private counsel. Defendant understood he would have to apply for re-appointment of free counsel if that was his desire.

After the trial schedule had been drawn and defendant had been notified of his time of trial, he applied again for the appointment of counsel. The application was made and granted on September 19, 1978. On September 22, 1978, without objection, privately retained counsel was permitted to withdraw.

The case was called for trial on schedule September 22, 1978, and expectedly, the public defender moved immediately for a continuance. The motion was refused. Under these circumstances, it is not felt that it was error to do so.

Testimony indicated that a young lady leaving a restaurant where she worked was approached by a man in the parking lot. The man grabbed her shoulders and wrestled her to the ground. While there she was slapped because she said defendant was "trying to get me to shut up." The man's body was lying directly on top of the girl, with the chests separated by about ten inches.

Defendant was indentified as being the man.

The girl was asked on redirect examination by the Commonwealth whether her intimate parts were touched. Defendant objected on the basis that this should have been developed on direct. The court ruled this was mainly a matter of discretion and permitted the question. Although defendant raised this in his post-trial motions, he has not argued it. However, we will rule that no error was committed nonetheless.

Because the girl did not directly testify as to what parts of her body defendant touched, other than the general statement that the lower part of his body was lying on top of the lower part of her body, defendant demurred to the charge of indecent assault.

Section 3126 of the Crimes Code of December 6, 1972, P.L. 1482, as amended, 18 C.P.S.A. §3126, provides in part: "A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if: (1) He does so without the consent of the other person."

In section 3101, indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person."

The jury was properly instructed as to all the elements requisite for a conviction. The testimony showed that defendant was lying on top of the girl. He was slapping her to cause her to be quiet. His body covered hers from the waist down.

Although there have been few cases interpreting "contact" or what constitutes a "touching," we are

of the opinion that contact and touching can be accomplished even if there is a clothing barrier between flesh. This section, as any other law, must be interpreted in a common sense manner. It would seem readily apparent that if a perpetrator wore gloves and the victim absolutely nothing, a touching would be accomplished. In the circumstances of this case, it would seem as reasonable that a jury could properly find a man to be touching the intimate parts of this victim when he had thrown her to the ground and was covering her in a sexual position.

Therefore, the attached order will be entered.

## ORDER

And now, March 13, 1979, defendant's post-trial motions are refused and he is directed to appear for sentencing at the direction of the district attorney.